IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**FLORA A. BARKER, et al.,**

    **Plaintiffs,**

v.

**INTERNATIONAL FLAVORS
AND FRAGRANCES, INC., and
BUSH BOAKE ALLEN, INC.,**

    **Defendants.**                                   Case No. 10-cv-48-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

### I. Introduction

This matter comes before the Court on Defendants' Motion to Dismiss (Doc. 9), to which Plaintiffs have responded in opposition (Doc. 25) and Defendants thereafter replied (Doc. 28).[1] In support, Defendants argue that this suit involves the same issues as a suit Plaintiffs previously filed in the Circuit Court of Gallatin County, Illinois, which Plaintiffs thereafter voluntarily dismissed (Doc. 10, p. 1, Ex. 2 - Plf's Motion and Notice to Dismiss Without Prejudice). The evidence submitted by Defendants shows that on January 22, 2009, the Gallatin County court granted

---

[1] Pursuant to the Court's Local Rule 7.1(c), Defendants have filed their Reply with a showing of exceptional circumstances.

the motion and thereby dismissed Plaintiffs' suit without prejudice (*Id.*, Ex. 3 - Dismissal Order). Within the Gallatin County court's order dismissing Plaintiffs' case was a further order instructing Plaintiffs to pay the costs incurred by Defendants (which included the Defendants in the instant suit). Defendants have attached as further exhibit their Bill of Costs they submitted in response to the Gallatin County court's dismissal order (*Id.* at 2, Ex. 4).

Pursuant to Illinois Code of Civil Procedure Rule **735 ILL. COMP. STAT. 5/2-1009**, Plaintiffs were allowed up to one year to re-file their action after it was dismissed by the Gallatin County court (or by the expiration of the applicable limitations period, whichever is longer). Plaintiffs filed the instant suit on January 21, 2010 (Doc. 2 - Complaint). Defendants take umbrage with and base their motion upon the fact that at the time Plaintiffs re-filed suit here, they still had not paid Defendants' costs accrued in the Gallatin County case. Nor had Plaintiffs paid the costs at the time Defendants filed the instant Motion to Dismiss on February 25, 2010. Thus, Defendants now move for an involuntary dismissal of Plaintiffs' case pursuant to **FEDERAL RULE OF CIVIL PROCEDURE 41(b)** for failure to comply with a court order.

## II. Discussion

A.   **Rule 41(b)**

Rule 41(b) provides:

Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

FED. R. CIV. P. 41(b). The decision of whether to involuntarily dismiss an action pursuant to Rule 41(b) for a plaintiff's failure to comply with a court order is at the court's discretion. *See, e.g., Esposito v. Piatrowski*, 223 F.3d 497, 499 (7th Cir. 2000) ("We review dismissals under Rule 41(b) for abuse of discretion.") (citation omitted).

B.   **Analysis**

In response to Defendants' argument that this suit should be involuntarily dismissed for Plaintiffs' failure to comply with the Gallatin County court's order of dismissal requiring that they pay Defendants' costs, Plaintiffs argue that they have, as of the date of filing their Response on March 24, 2010 (Doc. 25), paid Defendants' state court costs, in full (*Id.* at 2). Continuing, Plaintiffs explain that they were "impaired in their ability to pay costs," given that one Plaintiff is now deceased with no assets in his estate, two are totally disabled and living with the assistance of bottled oxygen, and the fourth Plaintiff only receives a minimum-wage

salary and therefore does not have much expendable income (*Id*.). Further, Plaintiffs claim they have not conducted themselves in an improper manner or vexatiously filed pleadings in order to warrant an involuntary dismissal of the instant suit under Rule 41(b) (*Id*. at 4).

Replying, Defendants proffer that Plaintiffs have, in fact, conducted themselves improperly. During state court proceedings in Gallatin County Circuit Court (Plaintiffs' initial suit), Defendants claim that Plaintiffs were less than diligent in their efforts to respond to Defendants' discovery requests (Doc. 28, pp. 3-4). Specifically, Defendants state that prior to the dismissal, they had filed five separate motions to compel discovery from Plaintiffs and thereby conclude that Plaintiffs' reason for moving for a voluntary dismissal of their initial suit in state court was due to "the outstanding amount of discovery owed to the various Defendants" (*Id*. at 3, citing Ex. 2 - January 22, 2009 hearing transcript).

The Court finds that although the transcripts from the dismissal hearing which Defendants attach as evidence to their motion reflect the pending discovery motions at the time dismissal was requested, the Court is not in a position to examine the merits of said motions. Even assuming these motions had merit, they are no longer pending issues before the Court in this case. While they may be indicative of the possibility that Plaintiff's have not always complied with their discovery obligations, these vague assertions are not enough for the Court, in its

discretion, to involuntarily dismiss the instant suit.[2]  Moreover, Plaintiff's late-payment of Defendants' costs also does not provide the Court with enough reason, in its discretion, to involuntarily dismiss the instant suit.  While certainly, this late payment will not completely absolve Plaintiffs from further scrutiny should such dilatory behavior reoccur.  In this same vein, Plaintiffs should take caution that the Court will not take kindly to any attempts to circumvent their discovery obligations.

### III. Conclusion

Defendants' Motion to Dismiss (Doc. 9) is, for the reasons discussed herein, **DENIED**.

**IT IS SO ORDERED.**

Signed this 24th day of August, 2010.

/s/    *David R Herndon*
**Chief Judge**
**United States District Court**

---

[2] In addition, the Court finds that the cases Defendants cite in support of their Rule 41(b) motion, specifically ***Esposito*, 223 F.3d at 497** and ***LeBlange Motors v. Subaru of America*, 148 F.3d 680 (7th Cir. 1998)**, are distinguishable in the circumstances regarding each of the plaintiff's behavior which warranted dismissal.